Filed 5/19/15  P. v. Miranda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074295 |
| Plaintiff and Respondent, | (Super. Ct. No. SF123887A) |
| v. | |
| SESAR ARMANDO MIRANDA, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2013, defendant was subjected to a traffic stop because he had a broken license plate light.  Defendant was on probation at the time and submitted to a probation

1

search. That search revealed defendant was in possession of a digital scale, packaging material, and 2.5 grams of crystal methamphetamine.

Defendant was arrested and charged with transporting methamphetamine in violation of Health and Safety Code section 11379. The People further alleged defendant was previously convicted of criminal gang activity (Pen. Code, § 186.22, subd. (a)), a serious felony under Penal Code sections 1170.12, subdivision (b) and 667, subdivision (d).

The complaint was later amended to charge defendant with possession of methamphetamine for sale in violation of Health and Safety Code section 11378. Defendant pled no contest to the amended charge. In exchange for his plea, the sentencing enhancement allegation was stricken and the People agreed to a sentence of three years in state prison.

Defendant was immediately sentenced to prison according to the terms of his plea agreement. The trial court ordered him to pay various fines and fees and awarded him 16 days of custody credit (eight actual and eight conduct).

Defendant appeals. The trial court denied his request for a certificate of probable cause.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

2

**DISPOSITION**

The judgment is affirmed.

        MURRAY      , J.

We concur:

        RAYE      , P. J.

        BLEASE      , J.